Do we have the next patient in? Thank you all and we're going to proceed initially by the identification of counsel and appellant's counsel. Your name? Thank you. And do you have additional counsel at table? Yes, Your Honor. Thank you. Well done. Thank you. Thank you very much. Thank you. All right. And you lawyers are very, you know what the rules are relative to argument, what your time frame is, but we'll ask questions and take your time. We're not going to rush you on this very important issue. So if we're ready to proceed, are there no questions, counsel? You'll have some time for rebuttal, I assume. Do you want some time? Yes, Your Honor. I generally ask the justices how do you want to set it out, you know, the time allotment just as a courtesy. Well, I think the rule says 20, but if you don't have to take 20, don't take it, but we'll give you plenty of time. Sorry? Five for rebuttal? Five for rebuttal. Fine. Yeah. Twenty for an additional five for rebuttal. The judge will put the record in Marcus' way as chief of legal resources division supporting this case. Well, thank you very much. Is there anyone left at the office? All right. All right. Good morning, Your Honors. May it please the Court. Could we start with something that's extremely important here, and that's the Fifth and Sixth Amendments? I'm sorry. I'm old and I have problems hearing. I'm with you. I think, Your Honor, we could, but I think just the fact that we're talking about a case as a housekeeping matter, before the Court can rule on the constitutional violations, we first have to identify the reality of what the pleading, the petition to evaluate, whether it is actually a cause in action. Again, judicial authority under the Federal Constitution extends to cases in law and equity. Under the Illinois Constitution, Section 5, Article 5, Section 9, the Court's power is only if there is a judicial matter, if there's a cause of action, if there is a judicial matter in controversy. And I do believe that the Fifth and the Sixth and the Fourteenth Amendments are important. But the inquiry begins with how do we classify what is the legal reality, because the Sexually Dangerous Person Act has the same practice structure, and yet it is a current in a criminal proceeding. So what is the remedy? Let's say we agree with you that this petition is insufficient. It didn't even ask that he be declared a sexually dangerous person. It only asked that he be examined. Right? Yes, Your Honor. So let's say we agree with you. What is the remedy? The remedy, Your Honor, is an expansion of the Civil Practice Act to apply the 2-615 motion, because in the past the courts have applied summary judgment. But the implication of the 615-1 is that it can be with prejudice, and if it's with prejudice, it has finality, and it's also raised judicata. Wait, so you're saying the remedy you're asking for is that we dismiss it with prejudice, they can't bring it again? That's the remedy? Yes, because if you apply the full scope of 2-615 motion, what it allows, it allows a defendant to challenge the facial sufficiency of a civil petition. Pleading. Or a complaint. Right. Because pleadings can be motions. Let's remember that. Okay. Well, we're talking about a complaint. A complaint. I don't think pleadings can be motions. But I'll go with you on this. Okay. So the why this is drastic, you know, it's not just because we have in the past said summary judgment, a defendant could raise summary judgment at the commitment initiation hearing, but the prosecutor couldn't raise it in the Section 9 recovery stage. And it was because there was constitutional ramifications. But if you just look and apply the civil practice, ignore the Constitution, just at this moment in time. For sake of argument only. You know, that's what jurisprudence is. All right. You have the power within the Civil Practice Act. Remember, there was a motion to reconsider. The defense attorney, and I know it's a matter of strategy, almost shifted the burden of proof by saying, prosecutor, you're putting the cart before the horse. You have to file the petition. And the petition is what grants subject matter jurisdiction. It is what gives under the federal and Illinois State Constitution the power of the judiciary. Otherwise, what the judge did was issue an advisory order. Because what the state presented was a hypothetical. Okay. But let's say we agree with you. Why in the world would we do it with prejudice? Why would we say, if we agree with you, state, you did not do this right. You did not file the proper petition. In fact, and you didn't say this in your brief, but I want to put it out there, the state told the judge, we're not seeking. And I don't know why you guys didn't cite this. I don't know why the state didn't admit it. But they say, right to the judge, we're not seeking to have him considered. We're just seeking to have him evaluated. That's what the state told the judge. That's not what the sexually dangerous persons act tells them to do. It's statutory construction. But the question then is why would we do it with prejudice? Why wouldn't we just say do this over? Because here's the prejudice. That's where we trigger the Fifth Amendment right to remain silent. The other right that the defense counsel didn't bring up, which is the speedy trial, the Sixth Amendment right for the court to admonish him of what is the precedence and then the substantial due process right of the invasion of medical privacy. Again, the Fourteenth Amendment, think about it. This is a court order that he submit to a medical examination. There is a zone of privacy that we have found in the Fourteenth Amendment. No, you don't argue any of that in your brief. The Fourteenth Amendment, I said violated Fourteenth Amendment. I said the court ordered a medical evaluation. And so if you're saying that there's plain error, then I did put plain error. I cited to it in my brief and three cases, but I didn't actually put it in the body. Okay. Can we stick with the Fifth and Sixth for a minute? Because, again, didn't the judge acknowledge that he said on the record that the statements given to the psychiatrist could not be used in a subsequent proceeding? He did, but he didn't have subject matter jurisdiction. It's an advisory opinion. You don't – a judge does not have authority. This is a Fifth Amendment right. Therefore, it triggers the constitutional section, Article III. When did the judge ever have personal and subject matter jurisdiction over this case? He had personal jurisdiction because the defendant was a court before him. I'm saying subject matter jurisdiction he didn't have because it wasn't a judiciable matter. It was not a judicial issue. A judicial issue in controversy. If you ask for a motion – Because the complaint may have been faulty? It's not a complaint, Your Honor. It's a petition to evaluate. A petition complaint. Is there that much difference for the statute? Yes. The petition – the labeling doesn't govern. It's not that it's labeled a petition. If you look in support – the language is in support of the motion. It's a motion. And the prayer for relief – the prayer for relief. All it asks for – Well, it's a motion. You can't use 615 to dismiss it. You can, Your Honor, because it is a defect to feed it. It has to be viewed – and that's the paradox of this. How can you say it doesn't say it's a cause of action when it isn't a cause of action? It isn't. And that's why it was correct to apply it because otherwise, if you don't expand the scope, how do you challenge this unauthorized practice? He said it wasn't – the defense attorney kept on saying, the only way you can ask for a clinical behavioral examination, okay, for a diagnosis that falls within the criteria of the sexually dangerous person, is if you initiate and the subject matter jurisdiction is under the sexually dangerous. Okay, counsel, we get you. Otherwise, what is a bona fide doubt of fitness? What's a petition, counsel? What's a petition? What is a petition? A petition has to state a cause of action. Okay, but a complaint. Yes, this doesn't. So the question then becomes, does it give the court subject matter jurisdiction under the Illinois Constitution to take anyone to have someone come in on a motion or a petition before you file any civil involuntary commitment to say, Judge, I want a medical examination or I want a psychiatric examination of an individual before I file the involuntary civil commitment? That's exactly what they did. That's what they did. And that's what's so impermissible. Even in a civil – think about it. Even if this was – forget the criminal. Could a citizen or a prosecutor walk in front of a court and say, I'd like a petition to evaluate this person because I'm thinking of civilly committing them involuntarily. Counsel, I sat in guardianship for ten years, and before you could file a petition for guardianship, you had to have a doctor's report saying that they were unable to make their own decisions. This is not a constitutional issue. It is a constitutional issue in the criminal setting because you have the fundamental guarantees of speedy trial, right to remain silent, right of confrontation, right to be informed of the nature and cause of the accusation. So you're saying the whole statute is unconstitutional. Is that your argument? No, I'm saying what the court – if you give the statutory interpretation of the sexually dangerous person, if you just minimize it by saying it's like a guardianship procedure. I'm not minimizing – And that's not a minimal procedure, counsel. I'm sorry. But this is civil. Guardianship is civil. This is criminal. This is a civil complaint. Civil petition. It did not change the criminal environment. The fact that you filed a civil motion, civil petition complaint, does not change the environment that you are in a criminal proceeding and that the substantial constitutional guarantees under the federal constitution of the Fifth, the Sixth, and the Fourteenth Amendment are in place. They're in action. They are not told. There is no arguable basis to told. Well, I understand. But didn't the court say we're not going to – we can't use those statements that are made by the psychiatrists? No question about that. On the record, the State agreed that the court said – That doesn't cure the error because he didn't have subject matter. The client had a right to object. Even on a deficient complaint, you have subject matter jurisdiction. Even on a deficient indictment, you have subject matter jurisdiction. The court had subject matter jurisdiction. You're just saying the petition was insufficient, which we're saying, okay, if that's true, now what? And we're also saying, if that's true, how are you prejudiced? And partly, I hear you saying, well, he was forced to give statements when there hadn't been a proper petition on file. Is that what you're saying? If that, at least I can understand it. That is, but it's also you're giving the prosecutor a preview of what the defense theory is. You're breaching what should be protected. Except that that never happened because it was never criminally charged. So the harm never occurred. Well, we're not saying that it hasn't occurred. If we reverse, and we reverse this with prejudice because it is so outrageous that, you know, the clear language says the State must give an election. The judiciary can't force the State to give an election, but you can force them to comply with the strict pleading requirements of the Civil Practice Act. And that's where the dismissal with prejudice comes into play. Okay. Under Section 735 ILCS 5-2-6168, the court can allow any amendment of the pleadings at any time in a civil action before judgment. Is that true? It's only the proposition, though, is that under 603 and 6- No, no, I'm talking about the Civil Practice Act. Is that true, what I've said? It's true. So, again, how could they have not had- Because you still, there's a false premise, is that the petition, what the amendment says is to change the cause of action, not state a cause of action. Look at the specific language. What statute are you looking at? I'm looking at 6-1-16 is amendments, 6-0-9 is supplemental pleadings. And so if you look at an amendment, an amendment presupposes that you're changing the cause of action, not that you're stating one for the first time. 6-0-3 requires you, if you're going to go into the civil practice, you have to look at 6-0-3, the form of the pleadings, 6-0-4, the prayer of relief. That's what gives you a judicial issue in controversy. There still has to be on the initial pleading a cause of action. And so the defense filed the 6-15 motion challenging this efficiency, right? And he did a motion to reconsider. Twice the state had the opportunity to just plead, because in the Essentially Dangerous Persons Act, it doesn't require you to have a doctor's appointment, I mean a doctor's expert opinion, because it realizes the speedy trial, the tolling. Unlike a guardianship proceeding, it does not have the speedy trial. It doesn't have the Fifth Amendment attached to it. Let me ask you, what is Section 101? That's pretty much a definition section. Is it not in the Sexually Dangerous Persons Act? It's a definition of what a sexually dangerous person may or may not be. I'm referring to the application of civil practice law pleadings. No, we're talking about the Act, Sexually Dangerous Persons Act. It is Section 101. Is it pretty much a definition of what a sexually dangerous person may or may not be? It's a definition. Right. Case law has realized. We agree on that, correct? Yeah. So that's what the state brought their petition pursuant to, that section, correct? What petition are we referring to, Your Honor? Are we talking about the evaluation petition or the actual petition? What's the first petition they brought? The first petition labeled, which is a motion. The first petition labeled a petition to evaluate. Okay. Why do you keep saying that, counsel? Because it has, you know, labels have meaning. Well, it says petition. The petition doesn't make it a complaint, but it's, okay. It doesn't even, in the argument on the motion to dismiss. Can you just answer my question? They brought it pursuant to that section, did they not? They did. Okay. Now, and you're not making this argument, but if you did, I would agree with you. They brought it under the wrong section. That's just a definition section. It says what a sexually dangerous person is, correct? Yes. Now, this should bring it under Section 3, 205-3. The petition, correct. Right? Yes. Okay. Now, let me ask you this question. First sentence, when any person is charged with a criminal offense, and it shall appear to the AG or the state's attorney that such a person is a sexually dangerous person. Now, that's what the legislature, in their wisdom, has told the state's attorneys and the attorney generals of the state what to go on. What's their basis? If they, if it shall appear to them. Now, as far as shall appearing that someone's a sexually dangerous person and complies with the definition, how could they possibly do anything before they have a medical opinion as to whether there's a mental illness? Because, Your Honor, you can plead, when you look at Section 3, the petition, Section 1 gives you the elements, the cause of action, that is, the pleading proof, the prove up. You have to plead that. You don't have to prove it up in the initial petition. It refers to incorporation. You cannot interpret the Section 3. That's the definition. Again, and here's what it says, what the pleading has to say. Number 3. Incorporating the petition and the definition of sexually dangerous, the pleading requirements, you have to have a good faith, probable cause belief that you can meet the definition of a sexually dangerous person. And how could they get that without the mental health diagnosis? They don't have to have the actual diagnosis to have a good faith belief. Well, how could anybody have a good faith belief who's never, in any of their raptures, if they have any, never have anything on their body, mental illness. Because the legislature realized that there were Fifth Amendment rights of speedy trial and the right to remain silent and the Confrontation Clause. And that's why it is structured narrowly. This statute cannot be broadly interpreted. It is penal in nature. You have to be restrictive. You cannot apply the rules that apply to a civil guardianship. So you're not applying them. No, no. I know the difference. But without violating the constitutional rights. Am I right that if the state elects, they can always unelect if those reports, those medical reports come back and say, you know what, doesn't meet the criteria. They can then say, you know what, we're not going to elect to proceed under the sexually dangerous persons act. We're going to proceed criminally. They're allowed to do that. That is correct. And inversely, even with an expert opinion that establishes, meets the definition of sexually dangerous person, the prosecution, the prosecutor as a constitutional governmental authority has the discretion not to elect civilly. They can, you know, they're not mandated just because an expert opinion says the client, the patient. So my question is they can elect to go civilly, they can get their reports or whatever changes their mind, and they can change their mind and proceed criminally. Yes, I have the absolute discretion. So how are you hurt by the fact that they didn't do this? Because it's just fundamental fairness under the sixth amendment, the right to be informed of the nature and cause of the accusation. If you broaden the narrow scope of the sexually dangerous person act to allow a motion to evaluate, to substitute as an initial petition, that is a fundamental procedural due process violation. I mean let's think about it. You have a notice. This is still a criminal proceeding. You're asking the defense to still proceed both criminally and civilly because without the filing of the petition, you don't invent the subject matter jurisdiction, so you don't have a legal basis to hold a speedy trial. But you don't put them on the same track. It is a legal fiction to believe. I mean the reality is the motion to petition to evaluate with the prayer of relief that please let me have a psychiatrist or a qualified evaluator interview the defendant despite the attorney-client privilege, the right to remain silent, because we may, we may elect. It's triggering an advisory opinion. So are you saying it's unconstitutional, this act? The act itself is not unconstitutional if you strictly construe it, if you give it the narrow scope of what the legislator intended, which is upon, because the evaluation, the motion to evaluate is unnecessary. If you file the petition, it's self-executing. The subject matter is of the petition, doesn't give the judiciary discretion not to evaluate. Read the language. Upon the filing of a petition, the court shall. It's almost self-executing. It's what triggers the evaluation. It's not even a matter of judicial discretion. The court doesn't even have to have a bona fide doubt of fitness or sanity. A bona fide doubt of fitness originates in common law. Did the court have a bona fide doubt that the defendant was feeble-minded, was an imbecile, was insane? The problem with these sexually dangerous person mental disorders, there's an element of mens rea in them, the volition, the inability to control your actions. I mean, if you are trying to justify the court's power to order a medical examination that intrudes upon a defendant's, the accuser's, zone of privacy, you could shift it and say, well, is this a mens rea? Does it go to volition? Did he have the sufficient mens rea under the criminal statute of the aggravated criminal sexual assault or the aggravated kidnapping? I mean, there's many ways that the judiciary can exercise power, judicial authority, but it has to start with a case of law or equity. Again, our guardianships proceed. I'm sorry. I'm going off on a tangent, Your Honor. I'm sorry. So again, let's assume for a moment you're a state's attorney, and your standard is, and it shall appear to you in your petition that you're going to file, what standard do you have as far as it shall appear to be that this person has a mental illness that's somehow tied to a sexual premonition? Well, as a prosecutor, Your Honor, in this theoretical jurisprudence universe that we're talking about, when we look at the language of the actual act, it makes a reference to the Civil Practice Act. And, in fact, if you look at 3.01, Proceedings of Civil in Nature, the Burden of Proof, it refers to the Civil Practice Act, 101. And if you read 101, it refers that any party may bring an action in the county residence of the defendant who is joined in good faith with probable cause for obtaining, for the purpose of obtaining a judgment against him or her. Now, that's how it begins. Now, it does refer to venue, but those words of good faith, probable cause, what does a prosecutor need to have good faith? A good faith belief based on the history of the criminal actions. I mean, extend it, give it a broad scope, in a light most favorable to the prosecutor, that he has good faith and probable cause. He then is required to just set out the pleadings, and the pleadings are while you define a sexually dangerous person. The petition, the elements of the petition that you have to do, the prove-up, is within the definition of sexually dangerous. You only have to prove, you don't need an expert opinion. But you must determine in advance that there is a mental disorder. It says you don't have to, you only have to allege it in good faith. That's where I disagree. The expert opinion is a prove-up. It's only an opinion. It's not evidence. How can they allege it in good faith, really, that there's a mental disorder? Because of the nature of the crime, the nature of the sex offense, the violence associated with it. He's on parole, the lack of volition. You just have to plead it. We are a fact-pleading jurisdiction, but you just have to plead it. And they have to plead that that mental illness has existed for not less than a year. They have no basis. I mean, Justice Connors is right. If the statute means what you say it means, I think it does, but it doesn't make a lot of sense. It doesn't make a lot of sense that the State is supposed to file this petition with no medical evidence. I think it does in light of the constitutional restraints of the privilege to not incriminate yourself, the privilege to remain silent in a criminal. Those are federal fundamental rights in the first eight amendments. And then you trigger that with the examination of the accused by a medical personnel, or what we now call qualified evaluator, into the invasion of the zone of privacy that is in the 14th amendment. So what you're really saying is that that election is what protects your client, requiring the State to elect protects your client. My point to you is they can honor that at any time, so what difference does it make? Because it makes a difference because it honors the privilege against self-incrimination, the privilege to remain silent, the sanctuary of the attorney-client privilege, the communications that are between the attorney and the client. There is a preview. You now have a governmental intrusion into the dynamics of the communications between the attorney-client. That's why the silence, the right not to self-incriminate yourself impacts on the attorney-client relationship. It gives the client the opportunity to make a filing like that, and it hasn't. The State took months after they got the medical opinion. That's where the prejudice. You cannot, this act as it was interpreted by the lower court, by the prosecutor, is subject to an abuse. It has the potential for great abuse. Because if they elect, and they're not required to initiate the civil commitment once they have the preview of what the defense is, okay? Because there is no attorney-client privilege when that psychiatrist or the qualified evaluator starts interviewing the defendant prior to the initiation of the lawsuit, prior to the State electing. This is very serious. All the constitutional guarantees are still in place until the State expresses a good faith belief and probable cause. And probable cause on a civil matter is low. You just have to allege the fact, you know, the factual basis. And your factual basis is that you believe he has a mental disorder that meets the definition of 101. But again, the 403 is a mental disorder. What does it mean? Congenital or acquired, affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence. That could also be read as a mens rea, as to whether he has the, well, he had the sufficient mens rea to commit the criminal act. That's the danger in this. And then the criminal propensities are covered under 405. It's a pleading requirement. But the pleading requirement initiates the cause in, the cause of action. It presents the justiciable issues in controversy. And that is what suspends the Federal constitutional rights guaranteed to an accused under the 5th, 6th, and even the 14th Amendment. That's why this has to be so strictly construed. Counsel Sumlock, if you would please thank you. Thank you for your patience, Your Honor. I know it's radical to grant a motion to dismiss with prejudice because of the finality and the race judicata implications. But justice requires it because the prosecutor was given an opportunity twice at the motion to dismiss and the motion to reconsider. And I know it's draconian. But this action, these are very clever litigation tactics. They are. But they impinge on the constitutional rights of the accused. And I'd ask you to exercise your judicial authority. Thank you, Counsel. I'm sorry if we gave you a hard time. Your Honor, this is like the Hadron Collider where we snap the facts and the law and it explodes. And it is part of the epitome of the Socratic method that we all went through as one else. So I appreciate your time. And I thank you for your patience. And can I take this water pitcher with me? Yes. Good morning once again. Mary Bowen on behalf of the people. You know, it's been an interesting argument so far. But I think we have to back up here a little bit. Because this case is about arguments that were made in briefs based on the facts of this case. As interesting as the hypotheticals are and the imaginings of what may be and what could be, the fact of the matter is this petition process, this Sexually Dangerous Persons Act proceeding, has gone all the way up to the United States Supreme Court in Allen v. Illinois. The Illinois Supreme Court upheld the process and the United States Supreme Court has upheld this process. So the state has authority under its police power to protect the community. That's not what we're questioning, counsel. The problem here is, and talk about briefs that don't talk about what happened here, is you never acknowledge in your brief that the assistant said to the judge, Judge, all we are asking for is an evaluation. We are not filing a petition to have him declared a sexually dangerous person. All we are asking is that two psychiatrists be appointed to evaluate him at this point. That is never acknowledged in the state's brief. And that made it very hard for us to evaluate the issues that are really here. Because you told the judge, this isn't a petition. And now in your brief you say, oh, yes, it was a petition. You can't have it both ways. We're not questioning the constitutionality of the act. Counsel may be, but we're not. We didn't file the act, or it appears that we didn't file the act. Now what do we do? Let's start there then. Because I just wanted to clarify as we flew off into the constitutionality and the notion of this procedure that I wanted to make sure that the court was grounded in what has already occurred. So let's talk about what happened below. And I did provide the process as it unfolded. Yes, the prosecutor said at this point we're not seeking to commit him. We're seeking to evaluate him precisely because of what has been raised here, this notion that we need these evaluations to move forward. That, of course, is not required under the Sexually Dangerous Persons Act. That is what the prosecutor thought. So at that point the prosecutor said I want to initiate proceedings under the Sexually Dangerous Persons Act. So are you saying that the prosecutor interpreted the statute correctly or interpreted it incorrectly? I think the prosecutor got to where she needed to be. The prosecutor filed this document called a petition. A petition to evaluate. A petition to evaluate, asked to have this individual evaluated on behalf of a sexually dangerous person. And you think that's what the statute requires? Well, it's... And you saw what part of the statute. Tell us what part of the statute. See, this is what you didn't say in your briefs. All right. So let me say it now. Let me say it now just so we're all clear on this. Because it's very important that we understand that when the petition was filed back in February of 2010, the petition required, and if you read the statute under Section 3, now the petition was filed under that SEC. In other words, the Sexually Dangerous Persons Act proceeding. So it wasn't filed only under a particular section. But under that proceeding, what does the petition require? It requires that it be filed, that it be in writing, and that it set forth facts tending to show that the person is a sexually dangerous person. That is all the Sexually Dangerous Persons Act requires. And the act is in the nature of a civil proceeding filed within this criminal process. It has no independent viability. It is not in the nature of a complaint like a civil case where you're gaining subject matter jurisdiction and personal jurisdiction. Those things have already been addressed in the criminal proceeding. And so what we're doing is we're showing the court that we're moving forward into the Sexually Dangerous Persons Act proceeding. So are you saying that the way the state's attorney did it, the trial attorney, is correct? No, but it would be problematic if the case ends there. Because at that point, what we were asking for was a petition to evaluate. And what we could have done was filed the entire declaration that you declare this person. But the prosecutor was saying, it appears to me that this person is sexually dangerous. Here are the facts. I'm laying them out. I need these experts to be able to move forward. That's technically true. They need experts to be able to move forward. And if the statute allows you to proceed that way. Well, if we ended there, I don't think that – it's possible that petition would have been sufficient. Because what does it do? It sets forth the facts, exactly as Judge Coughlin found, that tended to show that he was a sexually dangerous person, which is a judicial determination. But it's not an election, and that's her point. You need to elect. No. You need to say, Judge, we are going to try to have this person declared sexually dangerous. We follow the statute. The statute nowhere says that there's a specific election process, that there has to be some sort of declaration of election. Nothing in that statute requires that. So at that point, the prosecutor is making a good faith effort to move the case into the Sexually Dangerous Persons Act and believes that she needs these expert evaluations to do so. So the court and the prosecutor – the prosecutor agrees when the court says, but you will not be able to use this information in any criminal proceeding. Right. I just want to make sure that we are clear on that. And so what happens then is the case goes out then for these evaluations. There are some issues with regard to the defendant's cooperation. But the case then moves into the Sexually Dangerous Persons Act proceeding and never returns because the prosecutor then, on September 28th, files a full petition to the court. And after the evaluations. That's after the evaluations. So you view that as an amended petition? I viewed it as a supplemental petition. And there is nothing that prohibits the state from being able to file a supplemental petition. And that petition pended for over two years before this case went to trial. That petition sat there. There was discovery on that petition. The parties all moved in the direction and only in the direction of the Sexually Dangerous Persons Act and never returned back to the criminal proceedings. So your position is if you look at the two petitions together, there is sufficient pleading, and I complain, whatever you want to call it, petition on which the state properly proceeded to adhere. That's correct. And the reason for that is this. If you look at one of the few cases that directly addresses this issue is a case cited by the defendant in their brief, the McDonald case. The McDonald case is a Second District case out of 1963. McDonald was an individual who was charged with indecent liberties with a child, with a six-year-old. The prosecutor in that case filed essentially a petition to have the defendant evaluated. And that was it. The court then ordered the results of the experts to be filed with the court, but apparently that was never done. So the McDonald case said no other petition was filed other than the one asking the court to appoint the psychiatrist, nor were any of these reports filed. And we know that they reversed and revamped it. They didn't dismiss it. Right. But they did that because there was nothing else filed. All we had was a petition to evaluate and then a sexually dangerous trial, sexually dangerous persons at trial. And the court said no other petition was filed, no reports were filed, and no copy of the report ever made it to the defendant. Here, an additional supplemental filing of the petition was made long before this case went to trial, long before discovery was even done in this case over a two-year period, and the reports were delivered by court order to both parties and filed in the court. So I think McDonald stands for the case that if all you do is ask for an evaluation, that's not quite enough. You can't get there from the evaluation. But you have to file an additional pleading, and that pleading has to set forth, essentially, the rest of the requirements of the Sexually Dangerous Persons Act. That's exactly what occurred here, unlike in McDonald, which is really the case. I mean, is this the way that normally the procedure is done? It's done in two steps, do you know? You know, I do know, because I am now involved in these cases, and these cases I work to make sure that that second petition became the first petition. And part of this is that the Sexually Dangerous Persons Act has been in effect for a period of time. We also have a Sexually Violent Persons Commitment Act at the end of the proceeding, and this is in lieu of the proceeding. So this proceeding is not used as often in the state of Illinois, and I think prosecutors at the trial level read the statute, said, I need to file a petition, it needs to say these things. In this case, I was called for some technical assistance, and luckily was able to provide that technical assistance, and in other cases, before anything is filed, we now have some training material that helps prosecutors understand more of the nature of what courts have required and what the Civil Practice Act means. So I believe in this case that the supplemental petition, which can be filed at any time, certainly was filed well in advance of any trial proceedings here and provided the necessary information to allow the case to go forward. Also, is there any forfeiture here by the respondent? Well, my argument in the brief is nothing was ever filed against the supplemental petition. No bill of particulars, no motion to dismiss, no nothing. And so the case proceeded forward. Defendant has not made, defendant has made one statutory construction argument on the election issue. The other argument is a due process argument, so it's a constitutional argument. So obviously the defendant can raise the due process argument in this court, which is why I didn't make a formal forfeiture, but I did point out that there were no challenges to the supplemental pleading in this case, and that supplemental pleading meets every element of the Sexually Dangerous Persons Act. With regard to the Fifth and Sixth Amendment, as the court has noted, and counsel has noted, defendant does not have a Fifth Amendment right to refuse to answer questions in the interview. That's also gone out to the United States Supreme Court. Why? Because the protection is you cannot use anything from those interviews in a criminal proceeding. That is the Fifth Amendment protection that was provided here. Court specifically ruled on that very early. On the initial petition on February 26, court made that ruling, and that was the ruling, and the state acknowledged that that was the case. Also, on the Sixth Amendment, it's not entirely clear to me what the Sixth Amendment claim is, except that the claim is that the case pended along with the criminal case. But the way the Sexually Dangerous Persons Act proceeding functions is that once the indictment is filed and this proceeding occurs inside the criminal proceeding, that becomes the Sexually Dangerous Persons Act case, that indictment sits out there. It does not get quashed until the second portion of the Sexually Dangerous Persons Act, this is the commitment portion, then there's a recovery portion, and after the recovery portion occurs, which the recovery petition can be filed by the respondent and then there's a whole proceeding around that, after that occurs and he is completely discharged under Section 9 of the Sexually Dangerous Persons Act, at that point the indictment gets quashed. So I think there's a little bit of confusion about how that functions. Yes, the indictment has to pend. No, none of the proceedings were taken on the indictment. Do they ever get that far in these cases? Do people ever get that far? Yes, actually there are recovery, in fact most of the litigation and some of the litigation that's gone up to the Supreme Court is all based on that Section 9 recovery proceedings. And I have to say I was asked that question in Masterson in the Supreme Court, do any of these defendants ever get to the recovery process and get out? And the answer is that some do. Some are not fully discharged but some are discharged with conditions and eventually some are discharged. But again, most of these cases are lifelong and chronic mental disorders and so it's a case by case. That was my answer there and that remains my answer. So to wrap up, the point is defendant was committed after hearing. There were no criminal proceedings after that initial petition was filed. The supplemental petition was ample for a pleading here. There is no constitutional claim. There is no statutory violation because the only election is that petition process and that is complied with here. I'd be happy to answer any further questions from the court. Otherwise we would ask this court to affirm the trial court's determination that the defendant is a sexually dangerous person. Thank you. Thank you. And the final word if you wish. Oh, counsel. Thank you. Justices, you saw how I pleased the courts. Do you have any questions to begin with? Why doesn't that supplemental petition just cure it? If it's a civil pleading and it can be amended at any time, why doesn't that supplemental petition filed long before the trial of this case cure any problem? Because there is still potentially, if not in this case, any other case or statement out there. You asked for the Fifth and Sixth Amendments, right, Justice Simon? Simon or something? Simon. Simon. The Fifth and Sixth Amendments protect defendants. You're concerned with the defendants. That's the reason why you're sitting there and we're sitting here. We have the table with Amy Campanelli. We're here for the defendant. The problem you have is that there's a statement. There's a statement that's come as a result, or there could be a statement, as a result of a civil procedure. In this instance, we're mixing the civil and the criminal, which you guys don't like. You like clarity. So in this instance, let me finish. Well, if you like the law, it's got to be the same. Well, it's not the same. It's not the same thing. The state, as we argue, in the pleadings were incorrect. So we can make an argument initially that we can move to strike the pleadings, but we didn't. So that's it, correct? So then we go to the next stage. The next stage, they ask for a statement. The problem with that is that at the point that they ask for the statement and the civil procedure, there's a criminal case coming along. Don't think that the criminal case is not pending. You know why they chose to go after this case civilly? Because their case was falling apart. They had witnesses that were in the room. So therefore, what the state did is they, instead of prosecuting the criminal charge, which they could have, instead they selected on the civil procedure, which is a way to back them into a statement. And to think that a statement that is produced these days is going to be kept private forever, you're dreaming. The CIA ain't that hack. We shouldn't instruct that. Do you think that a statement by a defendant, it's leaked out, that it's not going to be used against them? Do you think that's not going to happen? That no real people want that information? Isn't that a separate issue if they tried to use these statements in some impermissible way? This shouldn't be even the point. They shouldn't get to the point where they get a statement from the client. They should have proceeded with the criminal case. And if the case was falling apart, then take the law. Once they take the laws, they go criminal after the client. Instead, what they do is they game the system. I've seen it in 26th Street. I've seen it in Maywood. I've seen it in Roman Mattis. What they do is they change the rules. It's like, we're not going to let on this one. We're going to go over here. And this one, we can ask for a statement. And that statement, believe me, there's no limitations as to what questions can be asked. Let me ask you, though. I mean, it's been found to be constitutional by the U.S. Supreme Court. I acknowledge that, Your Honor. But how does the state get to the good faith statement that they're pleading that there's a mental illness? Your Honor, if our client is in the judicial system, he's been to Sermak. He's been to Grandview. He's been to Grandview. There's medical records out there the state can procure to get the status of this client. They can also put measures to prevent, to ask anything about the pending case. There's not just measures here, Judge. This is what we argue. Also, have there ever been serial rapists that have done this and have never really had a diagnosis of mental illness? Of course. It could happen. Of course. How does the state get to that? The state can get to that by getting what's already on the record and by not asking any specific questions about the case. That's how they can get to that. They have the means. They're the government. The government has the power. The federal government can go into your statements and find out everything that happens to you. Don't think that's not the case, Justice Connors. That's the case. So by allowing a statement to be thrown out there, there's a possibility that the statement is going to come out. And when that comes out, what's going to happen with the criminal case? Do you think this person is going to be able to get a fair trial in this country with a statement that he did something sexual? The government wants to illegally continue the incarceration of many men by using illegal means in court. And that's what happened in the 26th Street. That's what we saw in this case, and that's what we want to reverse. Thank you, Your Honor. Thank you very much. We listened carefully to your arguments today. Thank you for your presentations, and we'll be hearing from you.